[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on October 11, 1986 at Derby, Connecticut. They have resided continuously in this state since that time. There are no minor children issue of this marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-81 and 46b-82 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 12 years. There are no minor children issue of this marriage. This is the second marriage for both parties.
The plaintiff is 51 years of age. She works two jobs a week, a total of four days per week, due to difficulty with her legs. She earns approximately $177 per week.
The defendant is in good health and is 56 years of age. He is presently employed and earns approximately $486 net per week.
At the time of this marriage, the plaintiff's minor daughter, aged 15, lived with the parties. The plaintiff received no child support for her child. The parties worked hard, pooled their money and were able to purchase a condo in 1988. The plaintiff's brother loaned the parties $15,000 and there is a remaining CT Page 13176 amount of approximately $1320 due and owing to the plaintiff's brother.
The defendant continues to reside at the condo. He has not paid the mortgage in approximately four months. The condo has a value of $97,000 to $102,000. The outstanding mortgage is $94,000. In reality, there is no equity in this property.
The plaintiff felt the marriage was in trouble in August 1997. The defendant, however, refused to discuss it. The plaintiff left the marital home in late fall of 1997.
Unfortunately, the parties were unable to resolve their marital differences. The court declines to assess fault to either party for the breakdown of the marital relationship. The following orders shall enter:
Real Estate
1. The marital residence, the condo located at 1C Daisy Drive, Seymour, Connecticut, shall be quitclaimed and transferred by the plaintiff to the defendant forthwith. The defendant shall be solely responsible for the mortgage, taxes, insurance and common charges in connection with the condo and shall hold the plaintiff harmless from any and all liability.
2. In the event that a foreclosure generates a deficiency judgment, the defendant shall be solely responsible and shall hold the plaintiff harmless. This obligation shall be nondischargeable in bankruptcy by the defendant and shall be considered as additional alimony, support and maintenance for the plaintiff.
3. The plaintiff shall cooperate with the defendant and participate in any paperwork and documents for purposes of facilitating a short sale/compromise sale of the premises.
Alimony
The defendant shall pay to the plaintiff as alimony the sum of $100 per week for a period of six years or until the plaintiff sooner dies, remarries or cohabits as defined by statute, or the death of the defendant.
Personal Property
CT Page 13177
1. The 1997 Mitsubishi Mirage motor vehicle shall remain in the exclusive possession of the plaintiff. The plaintiff shall be responsible for all payments due on this motor vehicle and she shall hold the defendant harmless from any liability thereon. This obligation shall be non-dischargeable in bankruptcy court by the plaintiff.
2. The defendant shall transfer title of this motor vehicle to the plaintiff as soon as permitted by the leasing company.
3. Each party shall retain whatever personal property they have in their respective possession including their respective bank accounts.
Miscellaneous
1. The plaintiff shall be entitled to 50% or 1/2 of the defendant's 401(k) which shall be secured by means of a QDRO.
2. The defendant's counsel is holding the sum of $7,000 in escrow. From said account, the defendant shall pay the following:
a) the debt to Mark Firriulo in the amount of $1320;
 b) the sum of $380.80 shall be paid to plaintiff's counsel for court costs and sheriff's fees;
 c) a lump sum amount of $1,000 shall be paid to the plaintiff;
 d) the Visa bill of $120 and the Bernie's bill of $378.92.
The remaining amount of escrow shall be the defendant's sole property.
3. The defendant shall be entitled to his DLJ Portfolio account.
Debts
The defendant shall be responsible for the following debts and shall hold the plaintiff harmless therefrom: CT Page 13178
Providian BankCorp. Visa
Capitol-One (USA-1)
Chase MasterCard
COBRA
The plaintiff shall be entitled to COBRA benefits as are available through the defendant's employment for the maximum time available, at her sole expense.
Life Insurance
The defendant shall maintain a life insurance policy in the amount of $50,000 with the plaintiff named as irrevocable beneficiary thereon for so long as the defendant has an alimony obligation. This provision shall be modifiable.
Coppeto, J.